Whalet, Chief Justice,
delivered the opinion of the court:
This cause was brought by the plaintiff under an act of Congress approved June 25, 1938 (52 Stat. 1197), reading in part as follows:
* * * That jurisdiction is hereby conferred upon the Court of Claims to hear, determine, and enter judgments against the United States upon the claims of contractors, including completing sureties and all subcontractors and materialmen performing work or furnishing material to the contractor or another sub *516 contractor, whose contracts were entered into on or before August 10, 1933, for increased costs incurred as a result of the enactment of the National Industrial Recovery Act: Provided, That (except as to claims for increased costs incurred between June 16, 1983, and August 10, 1933) this section shall apply only to such contractors, including completing sureties and all subcontractors and materialmen, whose claims were presented within the limitation period defined in section 4 of the Act of June 16, 1934 (41 U. S. C., secs. 28-33).
The third section of the act provides that a judgment or decree shall be on a fair and equitable basis.
The sole question in the case is the amount of increased costs which the plaintiff incurred by reason of enactment of the National Industrial Recovery Act (48 Stat. 195).
Plaintiff entered into a contract with the defendant on June 22, 1933, whereby it agreed to furnish certain gun camera assemblies for a unit price of $127.50 or for all units a total sum of $25,500. On August 1, 1933, plaintiff signed the President’s Reemployment Agreement which agreement was provided for by the National Industrial Recovery Act and on August 22, 1933, plaintiff became bound by certain codes which contained provisions for wages and hours similar to those contained in the President’s Reemployment Agreement. As a result of signing the President’s Reemployment Agreement, plaintiff reduced its hours of employment from a 49.5 hour per week basis to 40 hours per week.
It is contended by the plaintiff that it is entitled to receive the increased cost for its direct labor, certain overhead charges, increased cost of material and the increased cost to it for certain Change Orders made during the life of the contract on which it procured estimates and was granted the work. In arriving at the amount of its loss, plaintiff took only the testimony of its General Manager and the method pursued by him in arriving at the amount was the average rate of pay of some of the employees prior to entering into the President’s Reemployment Agreement and the selection of certain weeks’ wages paid under the Presidentas Reemployment Agreement during the life of the contract, and from these an average increase was obtained. In using *517 this method plaintiff did not take into consideration all the direct employees working on this contract but attempted to arrive at an average wage differential method.
In proving a loss under the National Industrial Recovery Act it is incumbent upon the plaintiff to establish the increased costs by competent evidence and not merely estimates, differentials, or percentages. The mere statement that plaintiff believes it suffered a loss, without any supporting evidence that an actual loss was incurred, cannot be sustained. Plaintiff did not have an audit of its books made. The evidence shows that the defendant made an audit of plaintiff’s books and took from the pay-roll records of each employee the increased wages for the duration of the work under this contract. The books of the plaintiff are certainly the best evidence of what was actually paid to the employees and the increased costs can be ascertained readily from a compilation of what was paid before the passage of the National Industrial Recovery Act and what was paid afterwards. As a result of this audit, it is shown that plaintiff has sustained an increased cost on direct labor of $2,877.64 for which it has not been reimbursed and this amount it is entitled to recover.
Plaintiff also contends that an increase in overhead costs was occasioned as a result of the President’s Reemployment Agreement but the evidence shows that a due allowance has been made by the auditor for all employees who were employed on an hourly basis. There can be no contention that the hours of those on a straight salary basis were affected by the National Industrial Recovery Act in any manner nor were their salaries raised on account of it. The President’s Reemployment Agreement did not apply to salaried employees generally nor extend to those receiving more than $35 per week. Under the Jurisdictional Act plaintiff is only entitled to recover an increased cost from the enactment of the National Industrial Recovery Act and if plaintiff gave increases to salaried employees, whose wages and hours were not affected by this law, it is apparent that they were not incurred as a result of the passage of the National Industrial Recovery Act merely because they were granted after the passage of the Act. No recovery can be had on this item.
*518 Plaintiff also claims that it is entitled to recover increased costs of labor and materials which, were necessary because of certain Change Orders on which plaintiff had made estimates and been granted the work by the defendant. All of the Change Orders were made after the President’s Reemployment Agreement and after wages and materials had increased in value. Plaintiff did take or should have taken into consideration the increased cost of labor and increased cost of materials when it estimated on these Change Orders and was granted permission to do the work for the amount quoted to the contracting officer. There can be no recovery on this item.
It is contended also that the cost of certain materials used by plaintiff in the performance of the contract was increased. The burden is on the plaintiff to prove this increased cost. There is no competent evidence to show any increase in the cost of materials but, on the contrary, in one instance, where plaintiff claims an increased cost in the purchase from a material house, there is a flat denial that the increase was occasioned by the passage of the Act and an assertion that the price paid was the fixed price of the article.
The mere fact that the plaintiff had quotations from onei party and purchased from another party at a higher price does not establish that the cost of material which entered into the contract was affected by the passage of the National Industrial Recovery Act. There must be some supporting evidence to prove that the article did increase in value and that the plaintiff was put to an increased cost when purchasing materials after the passage of the Act.
Plaintiff also contends that it is entitled to recover certain code fees which it had to pay during the performance of the contract. The fees paid to the Code Authorities were for plaintiff’s entire business and not solely for the contract with the Government. No attempt has been made and no competent evidence has been introduced to show what proportion of these fees applied to the Government contract and what applied to the plaintiff’s private contracts. Without some competent evidence to show what proportion the Government contract bears to the other work performed by *519 the plaintiff, by which the fees assignable to the Government ■contract might he computed, there can be no recovery.
A fair and equitable decree for the loss sustained by the plaintiff and for which it is entitled to recover is the sum ■of $2,877.64. It is so ordered.
Williams, Judge; LittletoN, Judge; and GREEN, Judge, •concur.
Whitaker, Judge, took no part in the decision of this case.