Littleton, Judge,
delivered the opinion of the court:
The claim made by plaintiff in this case is for alleged increased cost of material and labor as a result of the enactment of the National Industrial Recovery Act and the President’s Reemployment Agreement issued thereunder in connection with the performance after enactment of. the National Industrial Recovery Act of two contracts with defendant entered into in May and June, 1933, as described in the findings.
*556 Defendant contends tbat plaintiff is not entitled to recover any amount for the reasons — first, that the evidence is not sufficient to establish with certainty the exact increased costs incurred for material and labor used in performance of the contracts after the signing by plaintiff of the President’s Reemployment Agreement August 9,1933; second, that if the court finds that the increased cost of lumber purchased and used in performance of the contracts after August 9, 1933, can be determined, the proof submitted by plaintiff is not sufficient to show that such increased cost, which it is contended did not exceed $1,891.18, resulted from enactment of the National Industrial Recovery Act; third, that if the court can determine the increased costs incurred for direct and indirect labor after August 9, 1933, such increased labor cost as the result of wage increases made by plaintiff did not exceed $3,962.89, and that of this total of wage increases no amount in excess of $2,350,87, as set forth in findings 8 and 9, can be allowed as an increased cost resulting from enactment of the National Industrial Recovery Act and compliance with the President’s Reemployment Agreement'; and fourth, that the balance of $1,612.02 of the wage increases made on and soon after August 9, 1933, as set forth in findings 8 and 10, did not result from enactment of the National Industrial Recovery Act and compliance with the provision of the President’s Reemployment Agreement for the reason that these wage increases were in excess of the minimum wage increases to 40 cents an hour contemplated by the Reemployment Agreement.
The proof satisfactorily establishes that plaintiff incurred and paid increased costs of $1,891.18 for lumber purchased and used in performance of the contracts on and after August 9, 1933, and that it incurred and paid increased costs of $3,962.89 for direct and indirect labor in performance of the contracts with defendant on and after August 9,1933. However, the evidence submitted by plaintiff is not sufficient to establish that the increased cost of $1,891.18 for lumber used in the manufacture of articles covered by its contracts with defendant was the result of the enactment of the National Industrial Recovery Act. The only admissible evidence we have in the record as to the cause of this increased *557 material cost is the opinion of plaintiff’s president, based on hearsay, that this increased cost paid to persons from whom it purchased lumber resulted from enactment of the National Industrial Recovery Act. He had no personal knowledge as to the cause of the increase. Direct evidence as to the cause of the increased prices charged by persons from whom plaintiff purchased lumber was available, and persons having knowledge of the cause and reason for the increased prices charged for lumber after June 16, 1933, were available and could have been called by plaintiff to testify and be subjected to cross-examination by defendant. These witnesses were not called. See Steel Products Engineering Company v. United States, 90 C. Cls. 513, 518.
We are of opinion that the increased labor costs incurred and paid in the amount of $3,962.89, as set forth in findings 7 to 13, inclusive, were the result of enactment of the National Industrial Recovery Act and are recoverable under the provisions of the jurisdictional act of June 25,1938. Aside from the claimed inadequacy of the proof and records as to the exact amount of increased labor costs attributable to performance of the government contracts on and after August 9, 1933, defendant does not contend that plaintiff should not be allowed such increased labor costs through such wage increases as were necessary to bring the wage rates of its employees to the minimum requirements of the President’s Reemployment Agreement of 40 cents an hour., But defendant does contend that no recovery can be had for wage increases made by plaintiff to maintain wage-rate differentials among its employees as set forth under the heading of “Second Adjustment” in finding 8, in the amount of $1,612.02, as set forth in finding 10, for the alleged reason that enactment of the National Industrial Recovery Act and the President’s Reemployment Agreement, or either of them, did not cause or bring about this increased labor cost. In other words, it is contended that increases by plaintiff in the wages of employees receiving more than 40 cents an hour in order to maintain wage differentials after increasing wages to the minimum of 40 cents an hour and the shortening of the workweek were wage increases in excess of the increased wages contemplated by the President’s Reemployment Agreement *558 and that no provision oí the National Industrial Recovery Act or a Code of Fair Competition caused or brought about such increased costs.
The proof shows and we have found as a fact, as set forth in findings 8 and 9, that plaintiff made wage increases in the amount of $2,350.87 to meet the minimum wage provisions of the President’s Reemployment Agreement. This increase in wages resulted from enactment of the National Industrial Recovery Act and plaintiff is entitled to recover that amount.
The proof further shows that plaintiff made further wage increases amounting to $1,612.02, referred to in findings 8 and 10 as the “Second Adjustment” for the purpose of and in an attempt to comply with and meet the requirements of section ! (a) of the National Industrial Recovery Act and paragraphs 6, 7, and 8 of the President’s Reemployment Agreement, and in this we are of opinion that plaintiff was justified. Under paragraph 7 of the Reemployment Agreement signed by plaintiff August 9, 1933, plaintiff agreed not to reduce compensation for employees then in excess of the minimum wages therein agreed to, notwithstanding that the hours of work in such employment might be reduced, and “to increase the pay for such employment by an equitable readjustment of all pay schedules.” This paragraph of the Reemployment Agreement clearly had reference to existing wages in excess of the minimum of 40 cents an hour referred to in paragraph 6 and it meant, according to its clear language, that the equitable readjustment of all pay schedules referred to would produce “an increase [in] the pay for such employment.” The term “such employment” referred to was clearly the “employment now in excess of minimum wages hereby agreed to.” In addition to this language of paragraph 7, which plaintiff reasonably interpreted, the National Recovery Administration on July 28, 1933, publicly stated with reference to wage differentials that “The policy governing readjustment of wages of all employees in what may be termed the higher wage groups, requires, not a fixed rule, but an ‘equitable readjustment’ in view of the long-standing differentials in pay schedules.” This was the policy pursued by plaintiff and it was for that *559 reason that the wage increases totaling $1,612.02 were made to maintain the wage rate differentials in its pay schedules.
Wage increases totaling $3,962.89 incurred and paid by . plaintiff in the performance of the contracts with defendant were the result of the enactment of the National Industrial Recovery Act, and judgment for that amount will be entered in favor of plaintiff. It is so ordered.
Madden, Judge; Whitaker, Judge; and Whaley, Chief Justice, concur.
Jones, Judge, took no part in the decision of this case.