Whitaker, Judge,
delivered the opinion of the court:
Plaintiffs sue to recover increased costs due to the passage of the National Industrial Recovery Act.
On July 1, 1933, plaintiffs entered into a contract with the defendant to furnish certain supplies, such as piece-goods, sheets, pillow cases, linens, bedspreads, and similar articles, at stated prices upon order during the year July 1, 1933, to June 30, 1934. Plaintiffs’ bid was put in during February 1933; the contract was awarded in June 1933. During the year goods in the amount of about $8,000 were ordered by the defendant and were supplied by plaintiffs. When the goods were ordered plaintiffs went into the open market and bought them as cheaply as possible, and resold them to the defendant at the contract price. They claim that the passage of the National Industrial Recovery Act increased the prices they had to pay for the goods purchased by them, with the result that their cost of fulfilling the contract was increased. They sue for the sum of $4,376.12.
At the hearing before the Commissioner it was admitted that this claimed increase was in part due to processing taxes in the amount of $1,228.48; this amount they have eliminated from their claim. They also admit that the last two items of their claim were not sold in pursuance of the contract under which they sue.
The commissioner has eliminated from the amount claimed both the processing taxes and the last two items above mentioned, and as a result has found that plaintiffs’ costs were increased as the result of the passage of the National Industrial Recovery Act by the amount of $2,883.25.
We have carefully examined the testimony introduced *454 and we are of the opinion that plaintiffs have not shown the amount by which their costs were increased as the result of the passage of this Act. The only testimony as to the amount of the increase is the claim filed by them with the Comptroller General under the Act of 1934, and the testimony of plaintiff Stein that this claim accurately stated the difference between what plaintiffs were compelled to pay for the goods purchased by them for resale to the defendant and the amount for which they could have purchased them at the time they put in their bid. Plaintiff Stein also testified that this increase was the result of the passage of the National Industrial Eecovery Act.
The testimony of the people from whom plaintiffs purchased these goods was not introduced. No other testimony to show the reason or reasons for the increase in cost was introduced. The persons from whom plaintiffs purchased these goods had much more intimate knowledge of the factors bringing about the increase than did plaintiffs. Plaintiff Stein’s own testimony cannot be regarded as other than an assumption on his part. Undoubtedly the National Industrial Eecovery Act was partially responsible for the increase, but, for all we know, other factors may have contributed thereto. For instance, we know that the levy of processing taxes increased prices. There may have been other factors.
Plaintiffs did introduce a document put out by The Cotton-Textile Institute, Inc., which recommended to its members an adjustment of prices on pre-existing contracts on account of the increase in prices due to the passage of the National Industrial Eecovery Act. Some of the items included in this pamphlet were sold to the defendant by plaintiffs ; but the increase in prices of such items recommended by The Cotton-Textile Institute was substantially less than that claimed by plaintiffs. This document is proof of the fact that there was some increase in the price of some of the articles sold due to the passage of the National Industrial Eecovery Act, but it disproves plaintiff Stein’s statement as to the amount of that increase. Documents introduced by the defendant show that causes other than the National Indus *455 trial Recovery Act contributed to an increase in prices of suck goods.
As to the items not included in the document of The Cotton-Textile Institute, plaintiff Stein’s testimony stands alone. We cannot accept his unsupported statement, made with so little opportunity to know the facts, as sufficient proof of the facts alleged in the petition.
On this state of the record we are obliged to hold that plaintiffs have not proven their case. John E. Sjostrom Co. Inc. v. United States, 100 C. Cls. 548. Plaintiffs’ petition will be dismissed. It is so ordered.
Madden, Judge/ and Littleton, Judge, concur.
Jones, Judge; and Whaley, Chief Justice, took no part in the decision of this case.